Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7820 | **DATE** | 3/8/2000 |
| **CASE TITLE** | LaSalle Bank National Association vs. Martin Epstein | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 3/28/2000 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ■ Trial set for 4/17/2000 at 10:00 A.M..
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Order. Defendant's motion to dismiss [6-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 9 2000 date docketed | 21 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3/8/2000 date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | RO mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 99 C 7820 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| MARTIN EPSTEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

**MAR 0 9 2000**

## MEMORANDUM ORDER

Presently pending before the Court is the defendant's motion to dismiss. (R. 6-1.) We deny the motion because we conclude that we have personal jurisdiction over the defendant Martin Epstein; venue is proper and not inconvenient in Illinois; and the plaintiff LaSalle Bank National Association has adequately pled a negligent misrepresentation cause of action.

First, in considering Epstein's challenge to personal jurisdiction, we look to state statutory and due process law and to federal due process law. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In Illinois, statutory law authorizes personal jurisdiction over defendants to the full extent allowed under the Due Process clause. *Id.* In this case, LaSalle has met the burden of showing facts sufficient to establish a prima facie case of personal jurisdiction. LaSalle alleges that Epstein transacted business in Illinois, committed a tortious act in Illinois, and participated in the performance of a contract substantially connected with Illinois. Specifically, LaSalle claims that Epstein prepared, signed, and forwarded to LaSalle (in Illinois) over 235 daily Collateral Reports pursuant to the loan transaction between LaSalle and PSI in order to obtain loan proceeds from LaSalle. Epstein had regular telephone conferences with LaSalle

representatives (located in Illinois) to monitor the status of the loan, the collateral and bank accounts. Epstein was an authorized signatory of two bank accounts at LaSalle National Bank, in Illinois, and was the person who ensured that loan proceeds were disbursed to PSI on a daily basis. In addition, Epstein traveled to Illinois in 1999 specifically to meet with LaSalle representatives. Furthermore, Epstein allegedly committed the tort of negligent misrepresentation within the state of Illinois. Therefore, we find that the Illinois long arm statute reaches Epstein's conduct.

Moreover, Epstein had sufficient minimum contacts with Illinois "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 1277 (quotations omitted). Epstein's actions demonstrate that he "purposefully avail[ed himself] of the privilege of conducting activities within [Illinois], thus invoking the benefits and protections of its law." *Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 394 (7th Cir. 1994) (quotations omitted).

Epstein asserts a fiduciary shield defense, arguing that PSI's conduct cannot be attributed to him in his individual capacity for the purposes of personal jurisdiction. We disagree. First, the fiduciary shield doctrine is discretionary and should be applied only where equity demands it. *Brujis v. Shaw*, 876 F. Supp. 975, 980 (N.D. Ill. 1995) (citations omitted). In deciding whether to allow a defendant to use this defense, courts will consider a number of factors. For example, the defense does not apply if the employee in question was also acting to serve his personal interests. Therefore, "the fiduciary shield defense is unavailable to high-ranking company officers and shareholders [because they] have a direct financial stake in the company's health and therefore can be subjected to personal jurisdiction for actions that result in both personal and

corporate benefit." *Margulis v. Medical Parts Int'l, Inc.*, No. 98 C 0714, 1999 WL 183648, at *5 (N.D. Ill Mar. 25, 1999) (citing *Plymouth Tube Co. v. O'Donnell*, No. 95 C 0277, U.S. Dist. LEXIS 8912, at *9-10 (N.D. Ill. June 27, 1995)). Courts also consider whether the defendant had the discretion to choose whether or not to perform the allegedly tortious acts. In this case, Epstein was PSI's Chief Financial Officer who had a personal interest in the health of the company, held 25,000 shares of immediately exercisable PSI stock options, and had discretion in his actions. Therefore, the fiduciary shield defense does not apply to Epstein, and we have personal jurisdiction over him.

Venue is proper in Illinois because "a substantial part of the events or omissions giving rise to the claim occurred" in Illinois. 28 U.S.C. § 1391(a). We earlier enumerated the many contacts Epstein had with Illinois that established personal jurisdiction; those contacts also establish that venue is proper in Illinois.

Epstein also has not demonstrated *forum non conveniens*. Evaluating the private and public interests involved in this case leads us to conclude that transfer of this case to Florida is not necessary. LaSalle's choice of forum is Illinois; the Collateral Reports were delivered to Illinois; Epstein had regular contact with Illinois for purposes of monitoring the loan, the collateral, and the loan proceeds; he was a signatory to Illinois bank accounts; all loan documentation and files are located in Illinois; numerous LaSalle representatives, located in Illinois, were involved in the day to day evaluation of Collateral Reports and loan funding; both parties agree that Illinois law applies; and Illinois courts are more familiar with Illinois law than Florida courts. Epstein argues that Florida would be a more convenient forum for the witnesses: fourteen of the seventeen witnesses live in Florida. "In determining whether a particular venue is more convenient to

3

witnesses, a court should not limit its investigation to a review of which party can produce the longer witness list. Rather, a court should look to the nature and quality of the witnesses' testimony with respect to the issues in the case." *Chemical Waste Management, Inc. v. Sims*, 870 F. Supp. 870, 876 (N.D. Ill. 1994) (citations omitted). Thus, a party seeking to transfer based on convenience of witnesses "must list key witnesses to be called *and describe their testimony*." *Arena Football League, Inc. v. Roemer*, 947 F. Supp. 337, 341 (N.D. Ill. 1996) (citations omitted) (emphasis added). In this case, although Epstein lists the witnesses to be called, he makes only a generic statement that all of his witnesses will provide "critical evidence" regarding Epstein's role regarding the Loan Agreement and the Collateral Reports. (Def.'s Mot. to Dismiss, 9.) Because Epstein has not met his burden of showing that the transferee forum is clearly more convenient than the transferor forum, we decline to transfer this case. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Finally, although we have reservations about the ultimate success of LaSalle's negligent misappropriation claim, LaSalle has adequately pled that cause of action. To recover for negligent misrepresentation in Illinois, a plaintiff must prove that the defendant making the negligent misrepresentation "is in the business of supplying information for the guidance of others in their business transactions."[1] *Orix Credit Alliance, Inc. v. Taylor Mach. Works, Inc.*, 125 F.3d 468, 475 (7th Cir. 1997) (quotations omitted). In this case, LaSalle alleges that Epstein, as PSI's

---

[1] The six elements of negligent misrepresentation are: (1) defendant's duty to communicate accurate information; (2) a false statement of material fact; (3) defendant's carelessness or negligence in ascertaining the truth or falsity of the statement; (4) defendant's intent to induce the other party to act; (5) plaintiff's reliance on the false statement; and (6) plaintiff's damages resulting from that reliance. The only element at issue in this case is the first: whether Epstein had the duty to communicate accurate information because he is in the business of supplying information. *Orix*, 125 F. 3d at 475 n.2.

4

CFO and director, had "the responsibility to prepare, sign and deliver the Collateral Reports to LaSalle for the purpose of inducing LaSalle to lend money to PSI." (Compl. at ¶ 22; see also ¶ 31-33.) These allegations are sufficient to state a negligent misrepresentation claim. As recently explained by the Seventh Circuit: "[c]omplaints need not plead law or match facts to every element of a legal theory." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Accordingly, a complaint may plead conclusions and not facts:

> a complaint is not required to allege all, or any of the facts logically entailed by the claim . . . . A plaintiff does not have to plead evidence . . . . [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing.

*Id.* (quotations omitted). Thus, "a district court cannot require a plaintiff to include in the complaint all allegations that, if proved, would enable the plaintiff to prevail at trial because this amounts to a fact-pleading requirement." *Vanguard Fin. Serv. Corp. v. RW Prof'l Leasing Servs., Corp.*, No. 98 C 1741, 1998 WL 774984, at *2 (N.D. Ill. Oct. 27, 1998) (citation omitted). Because we believe that "[a] decision regarding whether defendant is in the business of supplying information for the guidance of others in their business transactions is better suited for summary judgment than a motion to dismiss," we deny Epstein's motion to dismiss for failure to state a claim.[2] *Id.* at *3 (quotations omitted); *see also Geneva Assurance Syndicate Inc. v. Associated Agencies, Inc.*, No. 92 C 1652, 1999 WL 731788 (N.D. Ill. Aug. 30, 1999) (where

---

[2] Epstein also argues that LaSalle's negligent misrepresentation claim must be dismissed because it failed to allege that the information was supplied to the plaintiff for its business relations *with third parties*. (Def.'s Mot. to Dismiss at 14.) The Illinois Supreme Court, however, has clearly stated that a negligent misrepresentation claim does not require that the business transactions must be made specifically with third parties. *Fireman's Fund Ins. Co. v. SEC Donohue, Inc.*, 679 N.E.2d 1197, 1200 (Ill. 1997).

5

complaint alleges defendant was in the business of supplying information and that the defendant was negligent in supplying the necessary information in its business with the plaintiff, plaintiff has alleged sufficient facts to state a claim for negligent misrepresentation).

For these reasons, Epstein's motion to dismiss is denied. (R. 6-1.) In accordance with our prior order of December 3, 1999, which set an expedited schedule for this lawsuit, this case is hereby set for trial on April 17, 2000 at 10:00 a.m. A status hearing will be held in open court on March 28, 2000 at 9:45 a.m.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: March 8, 2000